IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RASUL TAHIR HIJAZ EL**                                                                  **PLAINTIFF**

**V.**                               **CIVIL ACTION NO. 3:15CV650-HTW-LRA**

**UNITED STATES OF AMERICA**                                   **DEFENDANT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This cause is before the undersigned Magistrate Judge on the Motion to Proceed *in Forma Pauperis* [2] filed on September 4, 2014, by Rasul Tahir Hijaz El [hereinafter "Plaintiff"]. Plaintiff attests that he is unemployed and has no income, except for $130 per month in disability insurance. He owns no property and has no living expenses.

The undersigned finds that if only Plaintiff's income and expenses are reviewed, he may be entitled to proceed without the prepayment of fees. However, a court must "dismiss [an IFP] case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Complaint [1] is quoted verbatim in part as follows:

> ... JURISDICTION. Through a series of fictitious failures enacted upon me I was deprived of my civil liberties under the law, the United States did knowingly and convincingly seek to defraud me of my rights through false misinterpretation of the KNOWN LAW and regulations governing the right to obtain services.
>
> By this complaint, I seek damages and costs and attorneys fees for the unlawful actions of the Defendant(s).
>
> 1.     Obstruction of justice and flagrant disregard of the LAW.
>
> 2.     Failure to proceed with a LAWFUL investigation in the case of: [Civil Action Nos. 3:12cv848-CWR-FKB; 3:12-CV-849-DPJ-FKB; and, 3:12-CV-890-CWR-FKB]

>    3.   and those matters as an extension of those failures which are still outstanding that have been reported to those independent and combined agencies charged in their appeal and oversight by appropriate measure and funding for the address of unlawful slavery and prevention of terrorism.
>
>    4.   Consider my position from my understanding of LAW.
>
>    5.   Please stop and grow up or please end this and stop harassing me.
>
>    6.   LAW without order is DEAD.
>
>    7.   The education that I have is what I know.
>
>    8.   I have asked for and attempted to obtain proper direction in these matters and have REFUSED at every level of LEADERSHIP available to me. YourSelfes, I believe, have not allowed me to construe another message within LEGAL boundaries.
>
>                                RELIEF
>
>    On the grounds that We do not know what is proper, We seek a waiver of charges against the plaintiff and the right to seek judgment by jury or in the amount of [US dollars] _____ to be determined without delay.

Complaint [1], p. 1.

Under the IFP statute, "[a] claim may be dismissed for failure to state a claim upon which relief can be granted if, assuming all well-pleaded facts are true, the plaintiff has not stated enough facts to state a claim to relief that is plausible on its face." *Jones v. McDuffie*, 539 F. App'x 435, 435 (5th Cir. 2013) (per curiam) (internal quotation marks omitted).[1]

To properly state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint

---

[1] Although § 1915(e)(2)(B) is often applied to *pro se* prisoners, it also applies to non-prisoners. *See Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002).

are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

After reviewing the Complaint, the undersigned is unable to determine the factual circumstances giving rise to Plaintiff's claim, the legal basis for his claim, the type of relief he is seeking, or even whether the Court has jurisdiction. He refers to three prior cases[2] he filed in this Court, and all of these cases were dismissed in part because Plaintiff failed to respond to dispositive motions. The Plaintiff is prosecuting this case *pro se*. Therefore, his pleadings must be liberally construed. *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997). Even under a liberal standard of review, the undersigned finds that Plaintiff has failed to state a claim upon which relief can be granted. As a result, the Court should dismiss his case *sua sponte* for failing to state a claim.

Since the Court has not considered the merits of Plaintiff's claims and there have been no substantive proceedings on the claims in this Court, the Court's order of dismissal should be without prejudice. *Cf. Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006) (per curiam).

---

[2]The three prior cases Plaintiff filed were *El v. City of Ridgeland, Mississippi, and State of Mississippi,* Cause No. 3:12cv848-CWR-FKB, dismissed without prejudice by Final Judgment on June 18, 2013; *El v. United States of America*, Cause No. 3:12cv849-DPJ-FKB, dismissed by Order filed June 3, 2013; and, *El v. State of Mississippi and the Jackson Public School District,* Cause No. 3:12cv890-CWR-FKB, dismissed by Order and Final Judgment entered July 12, 2013.

For these reasons, the undersigned recommends that this Complaint be accepted as filed without the prepayment of a filing fee, but dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(b) as legally frivolous and for failing to state a claim on which relief may be granted. If Plaintiff amends his Complaint to state a cause of action within the time to object to this Report and Recommendation, his case should proceed.

Plaintiff is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 10th day of September 2015.

                                      s/ Linda R. Anderson
                            UNITED STATES MAGISTRATE JUDGE